IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DARRYL WILLINGHAM,

      Plaintiff,

  v.

CITY AND COUNTY OF SAN FRANCISCO, et al.,

      Defendants.
_____/

No. C 11-01688 CW (PR)

ORDER OF DISMISSAL WITH LEAVE TO AMEND; DIRECTING CLERK OF COURT TO PROVIDE PLAINTIFF WITH CIVIL RIGHTS COMPLAINT FORM

INTRODUCTION

Plaintiff, a state prisoner, initiated the instant pro se civil rights action on April 7, 2011, when he filed a document seeking immediate injunctive relief under 42 U.S.C. § 1983.  Since then, Plaintiff has filed in this action a civil rights complaint, an amended complaint, eight documents titled "Statement of Claim" and sixteen letters.  These pleadings, documents and letters range in length from 1 to 83 pages, and in some instances include numerous exhibits.

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  See id. § 1915A(b)(1), (2).  Pro se pleadings must, however, be liberally construed.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

United States District Court
For the Northern District of California

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).  Under § 1983, liability may be imposed on an individual defendant only if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

For the reasons discussed below, Plaintiff's amended complaint (docket 9), which the Court construes as the operative pleading herein, will be dismissed with leave to amend.  See London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981) (holding amended complaint supersedes initial complaint and may not incorporate by reference any parts of original complaint).

DISCUSSION

It is exceptionally difficult to glean from Plaintiff's numerous pleadings, documents and letters what his claims are and what relief he seeks.  In particular, Plaintiff's handwriting is so difficult to read that the Court can barely decipher what Plaintiff has written.  Further, nowhere does Plaintiff state succinctly and clearly what injury he has suffered, who caused such injury and what he would like the Court to do.  Instead, Plaintiff narrates lengthy legal and factual arguments with no concise statement of the claims themselves.  Additionally, Plaintiff refers to various types of relief, some of which appear to pertain to the validity of his criminal conviction and others which appear to pertain to the conditions of his confinement at San Quentin State Prison.

**United States District Court**
For the Northern District of California

Rule 8(a) of the Federal Rules of Civil Procedure requires that the complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint that fails to state the specific acts of the defendant that violated the plaintiff's rights fails to meet the notice requirements of Rule 8(a). See Hutchinson v. United States, 677 F.2d 1322, 1328 n.5 (9th Cir. 1982). Additionally, Rule 8(e) requires that each averment of a pleading be "simple, concise, and direct." See McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996) (affirming dismissal of complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant"). While the federal rules require brevity in pleading, a complaint nevertheless must be sufficient to give the defendants "fair notice" of the claim and the "grounds upon which it rests." Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (quotation and citation omitted).

Here, Plaintiff's claims cannot proceed as plead because Plaintiff has not clearly and concisely set forth his claims against Defendants or directly linked Defendants to his allegations. In particular, Plaintiff refers to numerous individuals in his pleadings, including individuals who are not named as Defendants, and fails adequately to link those who are named as Defendants to an identifiable injury. Additionally, while Plaintiff does directly link some individual Defendants to some of his allegations, the allegations are so lengthy and repetitive that the Court cannot readily determine all of the injuries for which each Defendant allegedly is liable.

Further, many of Plaintiff's claims appear to be unrelated. A plaintiff may properly join as many claims as he has against an

**United States District Court**
For the Northern District of California

opposing party.  Fed. R. Civ. P. 18(a).  Nevertheless, while multiple claims against a single party may be alleged in a single complaint, unrelated claims against different defendants must be alleged in separate complaints.  See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (finding, under Rule 18(a), prisoner improperly brought complaint raising fifty distinct claims against twenty-four defendants).  Further, parties may be joined as defendants only if "there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a).  As a practical matter, this means that claims involving different parties cannot be joined together in one complaint if the facts giving rise to the claims are not factually related in some way -- that is, if there is not "similarity in the factual background." Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997).  General allegations are not sufficient to constitute similarity when the specifics are different.  Id.

In sum, even when Plaintiff's claims are liberally construed, Plaintiff has failed to provide sufficiently simple, concise and direct information for the Court to determine whether Plaintiff's allegations state cognizable claims for relief with respect to each of the named Defendants.

Moreover, Plaintiff appears to be seeking relief that concerns not only the conditions of his confinement but also the validity of his conviction.  The latter type of relief cannot be pursued in a

**United States District Court**
For the Northern District of California

civil rights complaint but must be brought in a habeas corpus petition.  See Hill v. McDonough, 547 U.S. 573, 579 (2006).

Accordingly, Plaintiff's amended complaint is DISMISSED. Plaintiff may file a second amended complaint in which (1) he clearly links each Defendant to the alleged injury or injuries for which that Defendant is alleged to be responsible, (2) does not raise unrelated claims against different Defendants, and (3) does not challenge the validity of his conviction.  While Plaintiff must, in filing his amended complaint, provide sufficient information to give Defendants fair notice of the nature of the claims against them, Plaintiff should not provide a lengthy narrative with respect to each Defendant to satisfy the pleading requirements of Rule 8.  Instead, Plaintiff should provide a concise statement identifying each Defendant and the specific action or actions that Defendant took, or failed to take, that allegedly caused the deprivation of Plaintiff's constitutional rights, as well as the injury resulting therefrom.

Finally, Plaintiff is advised that the Court will not consider as part of Plaintiff's pleadings in this matter any information sent to the Court in a letter, a document titled "Statement of Claim" or any other document that is not a pleading signed under penalty of perjury.  Rather, all of Plaintiff's claims must be included in the second amended complaint, which will supercede all of Plaintiff's prior pleadings in this matter.

CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.   Plaintiff's amended complaint is DISMISSED.

United States District Court
For the Northern District of California

2.    Within <u>thirty (30) days</u> from the date of this Order, Plaintiff may file a second amended complaint in order to cure the deficiencies noted above.  Plaintiff shall use the court's civil rights complaint form, a copy of which is provided herewith, and include in the caption both the case number of this action, No. C 11-1688 CW (PR), and the heading "SECOND AMENDED COMPLAINT."

<u>If Plaintiff fails to timely file a second amended complaint in conformity with this Order, the case will be dismissed without prejudice and will be closed.</u>

3.    It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action, pursuant to Federal Rule of Civil Procedure 41(b), for failure to prosecute.

4.    The Clerk of the Court shall provide Plaintiff with a blank civil rights complaint form.

IT IS SO ORDERED.

Dated: 9/12/2011

_____
CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

IN RE DARRYL WILLINGHAM,

               Plaintiff,

  v.

IN RE DARRYL WILLINGHAM et al,

               Defendant.

_____/

Case Number: CV11-01688 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 12, 2011, I SERVED a true and correct copy(ies) of the attached, and **a blank civil rights complaint form** by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Darryl  Willingham AE8217
3D22
San Quentin State Prison
San Quentin,  CA 94974

Dated: September 12, 2011

Richard W. Wieking, Clerk
By: Nikki Riley, Deputy Clerk

United States District Court
For the Northern District of California

7