IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL WILLINGHAM,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CITY AND COUNTY OF SAN FRANCISCO,<br>et al.,<br><br>　　　　Defendants.　　　　　　　／ | No. C 11-01688 CW (PR)<br><br>ORDER DISMISSING SECOND AMENDED COMPLAINT WITH LEAVE TO AMEND; DIRECTING CLERK OF THE COURT TO PROVIDE PLAINTIFF WITH A CIVIL RIGHTS COMPLAINT FORM |

　　　In an Order filed September 12, 2011, the Court reviewed the first amended complaint (FAC) in the instant <u>pro se</u> civil rights action filed by Plaintiff, a state prisoner who has been granted leave to proceed <u>in forma pauperis</u>.  The Court dismissed the FAC, finding that Plaintiff had failed adequately to link Defendants to identifiable injuries and had not articulated his claims clearly; that many of Plaintiff's claims appeared to be unrelated and Defendants improperly joined under Rules 18(a) and 20(a); and that his attempt to seek relief concerning the validity of his conviction cannot be pursued in a civil rights complaint.

　　　The Court granted Plaintiff leave to file a second amended complaint (SAC) "in which (1) he clearly links each Defendant to the alleged injury or injuries for which that Defendant is alleged to be responsible, (2) does not raise unrelated claims against different Defendants, and (3) does not challenge the validity of his conviction."  Order at 5:4-8.

　　　Now pending before the Court is Plaintiff's SAC, in which he seeks monetary damages and injunctive relief based on (1) alleged injuries caused by employees of the San Francisco Sheriff's Department, Plaintiff's criminal attorney and members of the San

Francisco Public Defender's Office on unspecified dates between 2006 and 2010, when Plaintiff was incarcerated at the San Francisco County Jail, and (2) alleged injuries caused by employees of San Quentin State Prison (SQSP), where Plaintiff currently is incarcerated.

As noted, in its Order dismissing the FAC with leave to amend the Court explained to Plaintiff that he cannot proceed with a complaint containing unrelated claims or misjoined defendants.  In the SAC, however, Plaintiff alleges two distinct sets of claims against two distinct groups of Defendants, specifically, claims against Defendants for events that transpired when Plaintiff was incarcerated at the San Francisco County Jail between 2006 and 2010, and claims against SQSP employees for events that have transpired since Plaintiff was transferred to SQSP in early 2011.

The Court finds these two sets of claims are unrelated and the two groups of Defendants are improperly joined.  Accordingly, the claims against the SQSP Defendants are DISMISSED without prejudice from this case.  As Plaintiff recently filed a separate civil rights case in this Court against SQSP Defendants, see Willingham v. Pounce, C 11-05391 CW (PR), he may file an amended complaint in that case to include the SQSP Defendants and the claims against them that have been dismissed from this case.

Additionally, the remaining claims in this case, that is, Plaintiff's claims concerning events that transpired at the San Francisco County Jail between 2006 and 2010, cannot proceed as plead because they are too conclusory and vague to put any Defendant on notice of his or her alleged actions and the resulting constitutional injury.  In order to survive dismissal for failure to state a claim upon which relief may be granted under Rule

2

12(b)(6), a complaint does not require detailed factual allegations; the Supreme Court has made clear, however, that "a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 553-56 (2007) (internal citations omitted).

Here, Plaintiff's allegations concerning the events that transpired when he was incarcerated at the San Francisco County Jail do not adequately show that he is entitled to relief under 42 U.S.C. § 1983 because (1) he has not alleged the specific dates on which the Defendants' actions caused him injury, other than to state such actions occurred between 2006 and 2010, and (2) he has not stated how such actions violated his constitutional rights.[1] Without such information, Plaintiff's allegations fail to state a claim upon which relief may be granted under § 1983.

Because Plaintiff is proceeding pro se, the SAC is DISMISSED with leave to amend, and Plaintiff is granted one more opportunity to amend his complaint to state cognizable claims for relief concerning the events that transpired when he was incarcerated at the San Francisco County Jail.

//
//

---

[1] As the Court informed Plaintiff in its prior Order, in order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

3

CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. All claims against the SQSP Defendants are DISMISSED without prejudice from this case. Plaintiff may within <u>thirty (30) days</u> from the date of this Order file an amended complaint in <u>Willingham v. Pounce</u>, C 11-05391 CW (PR), that includes those Defendants and claims.

2. Plaintiff's SAC is DISMISSED.

3. Within <u>thirty (30) days</u> from the date of this Order, Plaintiff may file a third amended complaint in order to cure the deficiencies noted above with respect to his claims concerning events that transpired when he was incarcerated at the San Francisco County Jail.

4. Plaintiff is advised that an amended complaint supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th Cir. 1981). Defendants not named in an amended complaint are no longer defendants. See <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1262 (9th Cir. 1992).

Plaintiff shall use the court's civil rights complaint form, two copies of which are provided herewith, and include in the caption both the case number of this action, No. C 11-1688 CW (PR), and the heading "THIRD AMENDED COMPLAINT." <u>If Plaintiff fails to timely file a third amended complaint in conformity with this Order, this case will be dismissed without prejudice and will be closed.</u>

4

4. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action, pursuant to Federal Rule of Civil Procedure 41(b), for failure to prosecute.

5. The Clerk of the Court shall provide Plaintiff with two blank civil rights complaint forms.

IT IS SO ORDERED.

Dated: 1/6/2012

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE