IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DARRYL WILLINGHAM,

    Plaintiff,

vs.

SHERIFF MICHAEL HENNESSEY, et al.,

    Defendants.

No. C 11-1688 YGR (PR)

**ORDER TO SHOW CAUSE REGARDING EXHAUSTION; AND DENYING PLAINTIFF'S PENDING MOTIONS FOR PRELIMINARY INJUNCTIONS**

(Docket nos. 55, 65)

    Plaintiff, a state prisoner currently incarcerated at Mule Creek State Prison, filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights while he was incarcerated at the San Francisco County Jail ("SFCJ") from December 23, 2009 through September 22, 2010. The Court dismissed Plaintiff's previous complaints with leave to amend because "Plaintiff ha[d] not clearly and concisely set forth his claims against Defendants or directly linked Defendants to his allegations." (Sept. 12, 2011 Order at 3.)

    Before the Court is Plaintiff's Third Amended Complaint ("TAC") (Docket No. 62). Plaintiff has also filed motions for a preliminary injunction (Docket Nos. 55, 65).

    For the reasons explained below, the Court issues an order to Plaintiff to show cause why the case should not be dismissed for failure to exhaust his administrative remedies prior to filing this action. The Court also denies Plaintiff's pending motions for preliminary injunctions.

## DISCUSSION

**I.**    **Order to Show Cause**

    A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696,

699 (9th Cir. 1988).

The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (1996) provides: "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory and not left to the discretion of the district court. *Woodford v. Ngo*, 548 U.S. 81, 84 (2006). Exhaustion is a prerequisite to all prisoner lawsuits concerning prison life, whether such actions involve general conditions or particular episodes, whether they allege excessive force or some other wrong, and even if they seek relief not available in grievance proceedings, such as money damages. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). The exhaustion requirement requires "proper exhaustion" of all available administrative remedies. *Ngo*, 548 U.S. at 93.

Because exhaustion under Section 1997e(a) is an affirmative defense, a complaint may be dismissed for failure to exhaust only if failure to exhaust is obvious from the face of the complaint and/or any attached exhibits. *Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir. 2003). The Court may dismiss a complaint for failure to exhaust where the prisoner "conce[des] to nonexhaustion" and "no exception to exhaustion applies." *Id.* at 1120. Here, it is obvious from the face of the TAC that Plaintiff did not exhaust his administrative remedies as to his claims and no exception to exhaustion is alleged or apparent in the TAC.

In Plaintiff's TAC, he concedes that he did not present his claims for review through all the levels of SFCJ's grievance procedure. Initially, he states that he presented the facts in his TAC for review through the grievance procedure. (TAC at 1.) However, when asked to "list the appeal number and the result of the appeal at each level of review," he alleges that "at each level of [SFCJ's] procedure" he "got no answer.'" (*Id.* at 2.) He claims he was "not allowed to mail letters or any mail out to anyone" and that he was being "isolated and tortured." (*Id.*) However, Section 1073 of Title 15 of the California Code of Regulations provides county jail inmates with a right to "appeal and have resolved grievances" relating to their confinement. Plaintiff makes the conclusory allegation that many of his appeals were unanswered or never made it through the administrative appeals process. (*Id*.) While Plaintiff is not required to allege that he resorted to extraordinary measures in

order to exhaust his administrative remedies, conclusory allegations that the administrative remedies process is inadequate are insufficient to defeat dismissal for failure to exhaust. *See White v. McGinnis,* 131 F.3d 593, 595 (6th Cir. 1997). Furthermore, Plaintiff's claim that he was able to file his grievances "at each level," suggests that he had adequate access to the administrative appeals process. (TAC at 2.)

Accordingly, the Court issues an order to Plaintiff to show cause as to why this case should not be dismissed for failure to exhaust his administrative remedies prior to filing this action. Plaintiff shall file a response to the order to show cause no later than **twenty-eight (28) days** from the date this Order is filed. The Court notes if Plaintiff has not fully exhausted his administrative remedies as to all the claims in his TAC prior to filing this action, the TAC will be dismissed without prejudice.

## II.     Motions for Preliminary Injunction

Plaintiff's motions for a preliminary injunction (Docket Nos. 55, 65) are DENIED for failure to satisfying the notice requirements of Federal Rule of Civil Procedure 65. Prior to granting a preliminary injunction, notice to the adverse party is required. Fed. R. Civ. P. 65(a)(1). A motion for preliminary injunction therefore cannot be decided until the parties to the action are served, and they have not yet been served here. *See Zepeda v. INS*, 753 F.2d 719, 727 (9th Cir. 1983). A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney if: (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or the party's attorney can be heard in opposition, and (2) the applicant's attorney (Plaintiff himself in this case, as he proceeds *pro se*) certifies in writing the efforts, if any, which have been made to give notice and the reasons supporting the claim that notice should not be required. Fed. R. Civ. P. 65(b). Plaintiff has not satisfied both requirements.

## CONCLUSION

For the reasons outlined above, the Court orders as follows:

1.     Plaintiff is ordered to show cause why this case should not be dismissed for failure to exhaust his administrative remedies as to all the claims in his TAC prior to filing this action.

3

1  Plaintiff shall file a written response to the order to show cause no later than **twenty-eight (28) days**
2  from the date this Order is filed.  **Failure to comply with this order within the deadline provided**
3  **will result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).**

   2.   It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

   3.   Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **fourteen (14) days** prior to the deadline sought to be extended.

   4.   This Order terminates Docket Nos. 55 and 56.

   IT IS SO ORDERED.

   DATED:  September 25, 2012

   _____
   **YVONNE GONZALEZ ROGERS**
   **UNITED STATES DISTRICT COURT JUDGE**

G:\PRO-SE\YGR\CR.11\Willingham1688.OSC(exh)&denyTRO.wpd    4