IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL WILLINGHAM, | No. C 11-1688 YGR (PR) |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S RENEWED MOTION FOR PRELIMINARY INJUNCTION** |
| vs. | |
| SHERIFF MICHAEL HENNESSEY, et al., | (Docket No. 76) |
| Defendants. / | |

    Plaintiff, a state prisoner currently incarcerated at Mule Creek State Prison, filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights while he was incarcerated at the San Francisco County Jail from December 23, 2009 through September 22, 2010. Plaintiff also filed motions for a preliminary injunction.

    In an Order dated September 25, 2012, the Court ordered Plaintiff to show cause why this case should not be dismissed for failure to exhaust his administrative remedies prior to filing this action. The Court also denied Plaintiff's motions for a preliminary injunction.

    Before the Court is Plaintiff's renewed motion for a preliminary injunction (Docket No. 76). Plaintiff has also filed a response to the Court's September 25, 2012 Order to Show Cause.

    In its September 25, 2012 Order, the Court stated:

> A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney if: (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or the party's attorney can be heard in opposition, and (2) the applicant's attorney (Plaintiff himself in this case, as he proceeds *pro se*) certifies in writing the efforts, if any, which have been made to give notice and the reasons supporting the claim that notice should not be required.

(September 25, 2012 Order at 3 (citing Fed. R. Civ. P. 65(b)).) The Court determined that neither was the case here. Therefore, as mentioned above, the Court denied Plaintiff's original motions for a preliminary injunction.

    Before the Court is Plaintiff's renewed motion for a preliminary injunction. For the same reasons his original motions for a preliminary injunction were denied -- specifically, Plaintiff's

1 failure to satisfying the notice requirements of Federal Rule of Civil Procedure 65 -- his renewed
2 motion for a preliminary injunction is DENIED. The Court stresses that a motion for a preliminary
3 injunction cannot be decided until the parties to the action are served, and they have not yet been
4 served here. *See Zepeda v. INS*, 753 F.2d 719, 727 (9th Cir. 1983). Therefore, Plaintiff is directed
5 not to file a renewed motion for a preliminary injunction until the parties are served.

6       Accordingly, Plaintiff's renewed motion for a TRO (Docket No. 76) is DENIED.

7       The Court will review Plaintiff's response to its September 25, 2012 Order to Show Cause in
8 a separate written Order.

9       This Order terminates Docket No. 76.

10       IT IS SO ORDERED.

11 DATED: September 24, 2013

                                    YVONNE GONZALEZ ROGERS
12                                     UNITED STATES DISTRICT COURT JUDGE