IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DARRYL WILLINGHAM,

    Plaintiff,

vs.

SHERIFF MICHAEL HENNESSEY, et al.,

    Defendants.
                                              /

No. C 11-1688 YGR (PR)

**ORDER OF DISMISSAL**

Plaintiff, a former state prisoner and current "mental health patient probationer," dkt. 101 at 3, filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983. His motion for leave to proceed *in forma pauperis* ("IFP") has been granted. Dkt. 26. Thereafter, he filed a first amended complaint ("FAC") and a second amended complaint ("SAC"). Dkts. 9, 52.

The Court dismissed Plaintiff's previous complaints with leave to amend.[1]

Pending before the Court is Plaintiff's Third Amended Complaint ("TAC"), alleging that Defendants violated his constitutional rights while he was incarcerated at the San Francisco County Jail ("SFCJ"). Dkt. 62. He seeks injunctive relief and monetary damages.

For the reasons outlined below, the TAC is DISMISSED without further leave to amend.

**BACKGROUND**

The following background is taken from the Court's January 6, 2012 Order:

> In an Order filed September 12, 2011, the Court reviewed the first amended complaint (FAC) in the instant *pro se* civil rights action filed by Plaintiff, a state

---

[1] The Court also previously issued an order to Plaintiff to show cause why the case should not be dismissed for failure to exhaust his administrative remedies prior to filing this action. Dkt. 74. Plaintiff has since filed responses to the Court's Order to Show Cause. Dkts. 77, 78. However, the Court now VACATES its Order to Show Cause (dkt. 74) in light of the recent Ninth Circuit ruling in *Albino v. Baca*, No. 10-55702, slip op. at 4 (9th Cir. Apr. 3, 2014) (en banc), relating to the proper procedural device for raising the issue of exhaustion of administrative remedies . In *Albino*, the Ninth Circuit, sitting en banc, overruled *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held in part that a claim may be dismissed *sua sponte* if it is clear from the record that the prisoner has conceded that he did not exhaust administrative remedies and no exception to exhaustion applies. *See Wyatt*, 315 F.3d at 1120. After *Albino*, it is no longer clear whether this is still the law of the circuit. Therefore, the Court need not address Plaintiff's responses to the now vacated Order to Show Cause.

prisoner who has been granted leave to proceed *in forma pauperis*. The Court dismissed the FAC, finding that Plaintiff had failed adequately to link Defendants to identifiable injuries and had not articulated his claims clearly; that many of Plaintiff's claims appeared to be unrelated and Defendants improperly joined under Rules 18(a) and 20(a); and that his attempt to seek relief concerning the validity of his conviction cannot be pursued in a civil rights complaint.

The Court granted Plaintiff leave to file a second amended complaint (SAC) "in which (1) he clearly links each Defendant to the alleged injury or injuries for which that Defendant is alleged to be responsible, (2) does not raise unrelated claims against different Defendants, and (3) does not challenge the validity of his conviction." [Sept. 12, 2011] Order at 5:4-8.

Dkt. 57 at 1.

Thereafter, Plaintiff filed a SAC, in which he sought monetary damages and injunctive relief based on (1) alleged injuries caused by employees of the San Francisco Sheriff's Department, Plaintiff's criminal attorney and members of the San Francisco Public Defender's Office on unspecified dates between 2006 and 2010, when Plaintiff was incarcerated at SFCJ, and (2) alleged injuries caused by employees of San Quentin State Prison ("SQSP"), where Plaintiff was later transferred.

As noted above, in its September 12, 2011 Order dismissing the FAC with leave to amend, the Court explained to Plaintiff that he could not proceed with a complaint containing unrelated claims or misjoined defendants. In its January 6, 2012 Order reviewing the SAC, however, the Court determined that Plaintiff had alleged two distinct sets of claims against two distinct groups of Defendants, specifically, claims against SFCJ employees for events that transpired when Plaintiff was incarcerated at the SFCJ between 2006 and 2010, and claims against SQSP employees for events that transpired since Plaintiff was transferred to SQSP in early 2011. The Court found that these two sets of claims were unrelated and that the two groups of Defendants were improperly joined. Accordingly, the Court dismissed the claims against the SQSP Defendants without prejudice from the instant case. The Court further noted that because Plaintiff filed a separate civil rights case against SQSP employees, *see* Case No. C 11-05391 YGR (PR), he "may file an amended complaint in that case to include the SQSP Defendants and the claims against them that have been dismissed from this case." Dkt. 57 at 2. As to Plaintiff's remaining claims in this case relating to his incarceration at SFCJ, the Court determined that they could not proceed as plead because they were

"too conclusory and vague to put any Defendant on notice of his or her alleged actions and the resulting constitutional injury." *Id.* The Court reviewed these claims and further instructed Plaintiff as follows:

> In order to survive dismissal for failure to state a claim upon which relief may be granted under Rule 12(b)(6), a complaint does not require detailed factual allegations; the Supreme Court has made clear, however, that "a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 553-56 (2007) (internal citations omitted).
>
> Here, Plaintiff's allegations concerning the events that transpired when he was incarcerated at the [SFCJ] do not adequately show that he is entitled to relief under 42 U.S.C. § 1983 because (1) he has not alleged the specific dates on which the Defendants' actions caused him injury, other than to state such actions occurred between 2006 and 2010, and (2) he has not stated how such actions violated his constitutional rights. Without such information, Plaintiff's allegations fail to state a claim upon which relief may be granted under § 1983.

*Id.* at 3. As Plaintiff was proceeding *pro se*, the Court dismissed the SAC with leave to amend, and Plaintiff was granted "one more opportunity to amend his complaint" and to file a TAC stating "cognizable claims for relief concerning the events that transpired when he was incarcerated at [SFCJ]." *Id.* The Court specifically informed Plaintiff that "an amended complaint supersedes the original complaint." *Id.* at 4. It further added as follows:

> "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981).[2] Defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

*Id.* (footnote added). Finally, the Court warned Plaintiff that he risked dismissal without prejudice if he did not conform with the aforementioned instructions: "<u>If Plaintiff fails to timely file a third amended complaint in conformity with this Order, this case will be dismissed without prejudice and</u>

---

[2] After the Court issued its January 6, 2012 Order, the rule in *London* (that a plaintiff waives all claims alleged in a dismissed complaint which are not realleged in an amended complaint) was overruled in part by the Ninth Circuit in *Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012) (en banc). For claims dismissed with prejudice and without leave to amend, the Ninth Circuit held it would not require that they be repled in a subsequent amended complaint to preserve them for appeal. *Id.* at 928. But for any claims voluntarily dismissed, the Ninth Circuit held that it would still consider those claims to be waived if not repled. *Id.* This Court notes that the aforementioned change in law does not affect Plaintiff's case because none of his previous claims were dismissed with prejudice and without leave to amend.

3

will be closed." *Id.* (emphasis in original).

As explained below, Plaintiff's TAC is DISMISSED because he has failed to amend the claims he originally included in his SAC to correct the aforementioned deficiencies. In addition, he has raised unrelated new claims that are not cognizable.

**DISCUSSION**

**I.   Standard of Review**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**II.   Plaintiff's Claims in TAC**

The Court determined that, in his SAC, Plaintiff alleged claims "concerning events that transpired at [SFCJ] between 2006 and 2010" that were "too conclusory and vague to put any Defendant on notice of his or her alleged actions and resulting constitutional injury." Dkt. 57 at 2. Meanwhile, in his TAC, Plaintiff has narrowed down the time frame from between 2006 and 2010 to "from 12-23-2009 until 9-22-2010." Dkt. 62 at 3.[3] However, Plaintiff still makes conclusory and vague allegations without naming specific Defendants or specific time frames for such violations within the aforementioned nine-month period, stating:

> Between and in that time, the San Francisco Sheriff[']s Department and its Sheriff's

---

[3] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by Plaintiff.

4

> Jailers tortured Plaintiff[,] kept [him] confined to a 5 by 8 foot cell 24 hrs a day[,] did not let Plaintiff go to exercise[,] walk[,] gym as other inmates[,] set Plaintiff up in fights with other inmates as they looked for every opportunity to do so[,] did not allow Plaintiff to use the law library[,] did not allow Plaintiff to mail any letters out to anyone . . . .

*Id.* Plaintiff's TAC names the following Defendants: (1) the City and County of San Francisco; (2) Sheriff Michael Hennessey; and (3) Sheriff's Deputies Day and Stealhey. Nowhere in his TAC does Plaintiff allege that either Defendants the City and County of San Francisco, Hennessey, Day or Stealhey participated in any of the aforementioned violations. Thus, it is apparent that dismissal of such claims is warranted because Plaintiff has failed to file a TAC in conformity with the Court's January 6, 2012 Order, and because the Court previously warned Plaintiff that the failure to do so would result in "<u>this case [being] dismissed without prejudice and . . . closed.</u>" *Id.* at 4 (emphasis in original).

Plaintiff also alleges new unrelated claims. First, he alleges that Defendants Day and Stealhey "would give [him] returned envelopes stat[ing] [his] home address could not be found . . . ." *Id.* at 5. Plaintiff adds that Defendant Stealhey "told [him] dur[]ing this time of confinement in the county jail that [his] relationship with [his] child[']s mother (Miss Dominique) was done [and] that [he] and [Miss Dominique] would never live together again and that [he] would never live in San Francisco again." *Id.* at 6. Finally, the Court notes that Plaintiff includes additional alleged violations in his TAC dealing with "Miss Dominique," stating:

> Miss Dominique was being control[l]ed -- told not to cook for [him,] not to give [him] any money[,] not to associate with [his] side of the family[,] to keep [their] child away from [his] side of the family and away from [him], to cause [him] problems and misery in every way they could to destroy [him] mentally and physically com[]ing at [him] in every way they possibly could to get away with it in the public's view.

*Id.* Plaintiff also points out that from 2006 through 2010 there were "deaths and injuries that had happened to the San Francisco Police and Sheriff's Department[']s employees." *Id.* Plaintiff claims that "police sheriffs [and] others [were] tak[]ing revenge on [him] because of these deaths and injuries [] by supernatural causes." *Id.* To explain why he had been targeted, Plaintiff states as follows:

> . . . I am Darryl Willingham from the great state of South Carolina who was exposed in the media as to being the 2nd coming of Jesus Christ . . . the S.F.

5

> Sheriff[']s [Deputies] and others call me a demon, the Antichrist, some evil being because of the deaths and injuries.

*Id.*

### A. Claims Against Defendant Hennessey and the City and County of San Francisco

Plaintiff seems to be suing Defendant Hennessey in his supervisory capacity. Plaintiff does not allege facts demonstrating that Defendant Hennessey violated his federal rights, but seems to claim Defendant Hennessey is liable based on the conduct of his subordinates, unnamed "Sheriff's Jailers" and "Police Sheriff's [Deputies]." *Id.* at 3, 6. There is, however, no respondeat superior liability under section 1983 solely because a defendant is responsible for the actions or omissions of another. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). A supervisor generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Id.* A supervisor may also be held liable if he or she implemented "a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc), *cert. denied*, 502 U.S. 1074 (1992). Plaintiff's claim against Defendant Hennessey is therefore DISMISSED.

Similarly, Plaintiff has not alleged grounds for municipal liability against Defendant City and County of San Francisco based on any theory other than that of respondeat superior. This is not a sufficient ground for municipal liability. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978) (local governments cannot be liable under section 1983 under respondeat superior theory). Accordingly, Plaintiff's claim against Defendant City and County of San Francisco is also DISMISSED. Because Plaintiff has previously been given two previous opportunities to amend his claims, the Court will not grant him any further leave to amend these claims against Defendants Hennessey and the City and County of San Francisco.

### B. Claims Against Defendants Day and Stealhey

Prisoners enjoy a First Amendment right to send and receive mail. *Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995) (citing *Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989)). A prison, however, may adopt regulations or practices which impinge on a prisoner's First Amendment rights

as long as the regulations are "reasonably related to legitimate penological objectives." *Turner v. Safley*, 482 U.S. 78, 89 (1987). The *Turner* standard applies to regulations and practices concerning all correspondence between prisoners and to regulations concerning incoming mail received by prisoners from non-prisoners. *Thornburgh*, 490 U.S. at 413. Here, Plaintiff merely alleges that Defendants Day and Stealhey returned undeliverable mail to him on unspecified dates while he was incarcerated at SFCJ. Such an allegation fails to rise to the level of a First Amendment violation; therefore, Plaintiff's claim against Defendants Day and Stealhey related to his undeliverable mail is DISMISSED.

Plaintiff's claim of Defendant Stealhey's harassment (relating to the aforementioned statements regarding Plaintiff's relationship with "Miss Dominique") is also not cognizable. Allegations of verbal harassment and abuse fail to state a claim cognizable under 42 U.S.C. § 1983. *See Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997) *overruled in part on other grounds by Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008); *Rutledge v. Arizona Bd. of Regents*, 660 F.2d 1345, 1353 (9th Cir. 1981), *aff'd sub nom. Kush v. Rutledge*, 460 U.S. 719 (1983); *see, e.g., Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996), *amended* 135 F.3d 1318 (9th Cir. 1998) (disrespectful and assaultive comments by prison guard not enough to implicate Eighth Amendment); *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) (directing vulgar language at prisoner does not state constitutional claim); *Burton v. Livingston*, 791 F.2d 97, 99 (8th Cir. 1986) ("mere words, without more, do not invade a federally protected right"). Therefore, Plaintiff's claim relating to Defendant Stealhey's alleged verbal harassment is DISMISSED without leave to amend.

   **C.**  **Remaining Frivolous Claims Against Unnamed "Police Sheriff's [Deputies]"**

Plaintiff alleges that unnamed "Police Sheriff's [Deputies]" acted to "keep [his] child away from [his] side of the family and away from [him] to cause [him] problems and misery in every way they could to destroy [him] mentally and physically . . . ." Compl. at 6. Plaintiff claims they were "tak[]ing revenge on [him]" because of the "deaths and injuries that had happened to the San Francisco and Sheriff's Department employees" from 2006 to 2010." *Id.* It seems that Plaintiff believes the unnamed "Police Sheriff's [Deputies]" are blaming him for these "deaths and injuries . . . by supernatural causes" because he claims to be the "2nd coming of Jesus Christ." *Id.*

7

The aforementioned remaining claims fail to allege any constitutional or statutory violations, an essential element for a section 1983 claim.  The Court further finds that these claims against the unnamed "Police Sheriff's [Deputies]" are frivolous and without arguable basis in law.

A claim is frivolous if it is premised on an indisputably meritless legal theory or is clearly lacking any factual basis. *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).  Although a complaint is not "frivolous" within the meaning of sections 1915A and 1915(e)(2) because it fails to state a claim under Federal Rule of Civil Procedure 12(b)(6), failure to state a claim is a separate basis for dismissal under sections 1915A and 1915(e)(2).  *See id.* at 331.

Sections 1915A and 1915(e)(2) accord judges the unusual power to pierce the veil of the complaint's factual allegations and dismiss as frivolous those claims whose factual contentions are clearly baseless.  *See Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  To pierce the veil of the complaint's factual allegations means that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations.  *See id.*  But, this initial assessment of the plaintiff's factual allegations must be weighted in favor of the plaintiff.  *See id.*  A frivolousness determination cannot serve as a factfinding process for the resolution of disputed facts.  *See id.*  A finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.  *See id.* at 32-33.  But the complaint may not be dismissed simply because the court finds the plaintiff's allegations unlikely or improbable.  *See id.* at 33.

Here, even applying the liberal-interpretation standard afforded to *pro se* litigants, the Court finds that Plaintiff's allegations rise to the level of the irrational or the wholly incredible, are presented in a conclusory manner with no factual support given to substantiate the allegations, and are legally and factually frivolous within the meaning of 28 U.S.C. § 1915(d) and *Neitzke*, 490 U.S. at 327.  Although the Court generally grants leave to amend -- as it has previously granted Plaintiff twice before -- it now concludes that here, leave would serve no purpose.  Accordingly, the remaining claims against the unnamed "Police Sheriff's [Deputies]" are DISMISSED without leave to amend.

8

In sum, the TAC does not cure the deficiencies that the Court identified in Plaintiff's SAC. In addition, the TAC does not state cognizable claims for relief. Therefore, the TAC is DISMISSED for failure to state a claim upon which relief may be granted. The Court concludes that further leave to amend would be futile and will not be granted.

## CONCLUSION

For the foregoing reasons, the TAC is DISMISSED without further leave to amend, and this action is DISMISSED.

Further, this Court CERTIFIES that any IFP appeal from this Order would not be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

The Clerk of the Court shall enter judgment, terminate all pending motions as moot, and close the file.

IT IS SO ORDERED.

DATED:  June 12, 2014

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**